**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| FINESSE WIRELESS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>    Defendant. | LEAD CASE<br>Civil Action No. 2:21-cv-00063-JRG<br><br>Civil Action No. 2:21-cv-00064-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") files this Answer to Plaintiff Finesse Wireless LLC's ("Finesse") Complaint for Patent Infringement ("Complaint"). Except as expressly admitted below, Verizon denies each and every allegation set forth in the Complaint. Verizon responds to the numbered paragraphs of the Complaint and prays for relief as follows:

**BACKGROUND[1]**

1. Verizon admits that the Complaint purports to assert a cause of action for infringement of U.S. Patent Nos. 7,346,134 ("the '134 patent") and 9,548,775 ("the '775 patent") (collectively, the "Patents") but denies that Verizon has committed any acts of infringement.

---

[1] Headings and subheadings are copied from the Complaint for ease of reference only. These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the Complaint's headings or subheadings, Verizon denies those allegations.

## PARTIES

2. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and, therefore, denies them.

3. Verizon admits the allegations of Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Verizon admits that this Court has subject-matter jurisdiction over this patent infringement action.

5. Verizon admits that this Court has personal jurisdiction over it for purposes of this action only and that it conducts and has conducted business in the State of Texas and in the Eastern District of Texas. Verizon denies that it has committed or induced any acts of infringement of the Patents in the United States, in Texas, or in this federal judicial district. Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states conclusions of law for which no response is required. Verizon does not contest that venue is proper for purposes of this action only, based on the facts and allegations of which Verizon is currently aware. Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 6 of the Complaint.

7. Verizon admits that it has places of business in this District, including retail stores. Verizon also admits that it maintains and operates base stations in this District, but denies those base stations infringe the Patents. Verizon denies that it has committed or induced any acts of infringement of the Patents in the United States, in Texas, or in this federal judicial district. Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 7 of the Complaint.

8. Verizon admits that it has a retail stores in this District. Verizon further admits that its website can display information for Verizon retail stores located at 2035 North Central Expressway, Suite 620, McKinney, Texas 75070; 8988 South Broadway Avenue, Suite 110, Tyler, Texas 75034; and 2330 Preston Road, Suite 500, Frisco, Texas 75034.

9. Verizon admits that it has offices within this federal judicial district, including an office in Plano, TX, which includes employees who work in Network Infrastructure Planning.

10. Admitted.

11. Verizon admits that it has either admitted or not contested venue in other cases filed within this District, and that it has either admitted or not contested allegations that it transacts business within this District.

12. Verizon admits that it derives revenue from this District, including revenue associated with sales of goods or services and in connection with its retail stores in this District.

## DEFENDANT'S MOBILE NETWORK

13. Verizon admits that it operates and sells access to a mobile network that provides telecommunication, Internet service, and other services to its customers, in part, via cellular base stations located in this district and throughout the United States. Verizon denies that it has committed or induced any acts of infringement of the Patents in the United States, in Texas, or in this federal judicial district. Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 13 of the Complaint.

14. Verizon admits that its mobile network, including the Verizon Base Stations, communicates with customers' mobile devices (also referred to as "terminals" or "user equipment"), such as mobile phones, smartphones, tablets, and mobile hotspots, in accordance with certain parts of the fourth-generation/Long Term Evolution ("4G/LTE") and fifth-

generation ("5G") mobile network standards. Verizon also admits that it sells mobile devices, through channels including its website and retail stores, that communicate in accordance with certain parts of those 4G/LTE and 5G standards for use on its network.

15. Admitted.

16. Admitted.

17. Admitted.

## INTERFERENCE FROM PASSIVE INTERMODULATION

18. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and, therefore, denies them.

19. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and, therefore, denies them.

20. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and, therefore, denies them.

21. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and, therefore, denies them.

22. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and, therefore, denies them.

23. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and, therefore, denies them.

24. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and, therefore, denies them.

## COUNT ONE: ALLEGED INFRINGEMENT OF U.S. PATENT 6,937,191

25. To the extent a response is required, Verizon denies the allegations of Paragraph 25 of the Complaint.

26. Verizon admits that the face of the '134 patent indicates that it is entitled "Radio Receiver" and that it issued on March 18, 2008. Verizon further admits that Exhibit 1 to the Complaint purports to be a true and correct copy of the '134 patent. Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 26 of the Complaint.

27. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and, therefore, denies them.

28. Verizon denies that the claims of the '134 are "novel and inventive." Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 of the Complaint and, therefore, denies them.

29. Verizon admits Paragraph 29 of the Complaint correctly recites the language of claim 1 of the '134 patent.

30. Verizon denies the allegations of Paragraph 30 of the Complaint.

31. Verizon denies the allegations of Paragraph 31 of the Complaint.

32. Verizon denies the allegations of Paragraph 32 of the Complaint.

33. Verizon denies the allegations of Paragraph 33 of the Complaint.

34. Verizon denies the allegations of Paragraph 34 of the Complaint.

35. Verizon denies the allegations of Paragraph 35 of the Complaint.

36. Verizon denies the allegations of Paragraph 36 of the Complaint.

37. Verizon denies the allegations of Paragraph 37 of the Complaint.

38. Verizon denies the allegations of Paragraph 38 of the Complaint.

39. Verizon denies the allegations of Paragraph 39 of the Complaint.

40. Verizon denies the allegations of Paragraph 40 of the Complaint.

41. Verizon denies the allegations of Paragraph 41 of the Complaint.

42. Verizon denies the allegations of Paragraph 42 of the Complaint.

43. Verizon admits that it became aware of the '134 patent no later than the date on which the Complaint was served on Verizon.

## COUNT TWO: ALLEGED INFRINGEMENT OF U.S. PATENT 7,250,918

44. To the extent a response is required, Verizon denies the allegations of Paragraph 44 of the Complaint.

45. Verizon admits that the face of the '775 patent indicates that it is entitled "Mitigation of transmitter passive and active IMPs in real and continuous time in the transmitter and co-located receiver" and that it issued on January 17, 2017. Verizon further admits that Exhibit 1 to the Complaint purports to be a true and correct copy of the '775 patent. Except as expressly admitted, Verizon denies the remaining allegations of Paragraph 45 of the Complaint.

46. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint and, therefore, denies them.

47. Verizon denies that the claims of the '775 are "novel and inventive." Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 of the Complaint and, therefore, denies them.

48. Verizon admits Paragraph 48 of the Complaint correctly recites the language of claim 1 of the '775 patent.

49. Verizon denies the allegations of Paragraph 49 of the Complaint.

50. Verizon denies the allegations of Paragraph 50 of the Complaint.

51. Verizon denies the allegations of Paragraph 51 of the Complaint.

52. Verizon denies the allegations of Paragraph 52 of the Complaint.

53. Verizon denies the allegations of Paragraph 53 of the Complaint.

54. Verizon denies the allegations of Paragraph 54 of the Complaint.

55. Verizon denies the allegations of Paragraph 55 of the Complaint.

56. Verizon denies the allegations of Paragraph 56 of the Complaint.

57. Verizon denies the allegations of Paragraph 57 of the Complaint.

58. Verizon denies the allegations of Paragraph 58 of the Complaint.

59. Verizon denies the allegations of Paragraph 59 of the Complaint.

60. Verizon denies the allegations of Paragraph 60 of the Complaint.

61. Verizon admits that it became aware of the '775 patent no later than the date on which the Complaint was served on Verizon.

## ANSWER TO DEMAND FOR JURY TRIAL

No response is necessary to Finesse's demand for trial by jury.

## ANSWER TO DEMAND FOR FEES AND COSTS

To the extent any response is required to Finesse's demand for fees and costs, Verizon denies that Finesse is or will be able to show that it will be entitled to an award of attorneys' fees and costs.

## ANSWER TO PRAYER FOR RELIEF

To the extent any response is required to any paragraph of Finesse's Prayer for Relief, Verizon denies that Finesse is entitled to any of the requested relief and denies any allegations in Finesse's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Verizon asserts the following defenses to Finesse's Complaint, without admitting or acknowledging that Verizon bears the burden of proof as to any of them or that any must be pleaded as defenses. Verizon specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Finesse's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-infringement)

2. Verizon does not and has not infringed any valid and enforceable claim of the '134 and '775 patents (collectively, the "Patents") literally, under the doctrine of equivalents, directly, indirectly (including contributorily or by inducement), jointly, or via any other mechanism of liability.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity and Patent Ineligibility)

3. One or more of the claims of the Patents are invalid, patent ineligible, and/or unenforceable for failure to meet the conditions of patentability, patent eligibility, and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel / Prosecution Disclaimer)

4. Finesse's claims are barred in whole or in part by prosecution history estoppel and/or prosecution disclaimer.

### FIFTH AFFIRMATIVE DEFENSE
### (Statutory Limitations on Damages)

5. Finesse's claims for alleged damages or costs are statutorily barred, in whole or in part, under 35 U.S.C. §§ 286, 287, and/or 288 and by 28 U.S.C. § 1498.

### SIXTH AFFIRMATIVE DEFENSE
### (Release, License, and Patent Exhaustion)

6. Finesse's claims are barred, in whole or in part, as a result of release, patent exhaustion, and/or a license to the Patents.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Equitable Entitlement to Injunctive Relief)

7. Finesse is not entitled to injunctive relief at least because any alleged injury to Finesse is not immediate or irreparable, and Finesse has an adequate remedy at law for its claims.

8. Finesse will not be able to demonstrate (1) irreparable injury, (2) that damages are inadequate remedies, (3) that an equitable remedy is appropriate on balance, and (4) that the public interest would not be disserved by the issuance of an injunction.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

9. Finesse is not entitled to enhanced damages under 35 U.S.C. § 284 because Finesse has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

### NINTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

10. Finesse's claims for relief are barred, either whole or in part, by the equitable doctrines of laches, waiver, unclean hands, acquiescence and/or estoppel.

### TENTH AFFIRMATIVE DEFENSE
### (Plaintiff Not Entitled to Fees)

11. Finesse cannot prove that this is an exceptional case justifying an award of attorney fees against Verizon pursuant to 35 U.S.C. § 285.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

12. To the extent that Finesse did not, or does not, hold all substantial rights, title, and interest to any of the Patents at the time the Complaint was filed, Finesse lacks standing to bring, or maintain, this lawsuit in connection with such asserted patent.

### TWELFTH AFFIRMATIVE DEFENSE
### (Non-Statutory Double Patenting)

13. One or more of the asserted claims is invalid because of the judicially-created doctrine of obviousness-type double patenting.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

14. Verizon reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those related to the unenforceability of any claim of the Patents based on inequitable conduct, based on discovery and further factual investigation in this action.

### RESERVATION OF RIGHTS

15. Verizon reserves any and all rights to amend its answer to amend its currently pled defenses and/or add additional defenses as they become apparent.

### JURY DEMAND

16. Verizon demands a jury trial on all issues and claims so triable.

## **RELIEF REQUESTED**

17. WHEREFORE, Verizon requests the following relief from the Court:

    a. That Finesse's Complaint be dismissed with prejudice, and that Finesse take nothing by way of its Complaint;

    b. That Finesse is not entitled to any of its requested relief, or any relief whatsoever;

    c. That Verizon be awarded its costs and disbursements in this action;

    d. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Verizon be awarded its reasonable attorneys' fees and costs in this action; and

    e. Grant such other and further relief as the Court may deem just and proper under the circumstances.

|  |  |
|---|---|
| Dated: May 4, 2021 | Respectfully submitted, |

*/s/ Deron R. Dacus*
Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1171
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Ross R. Barton (NC Bar No. 37179)
J. Ravindra Fernando (NC Bar No. 49199)
**ALSTON & BIRD LLP**
101 South Tyron Street, Suite 4000
Charlotte, North Carolina, 28280
Phone:   (704) 444-1000
Fax:     (704) 444-1111
Email:   ross.barton@alston.com
Email:   ravi.fernando@alston.com

Adam Ahnhut (TX Bar No. 24106983)
**ALSTON & BIRD LLP**
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: 214-922-3400
Facsimile: 214-922-3899
Email: adam.ahnhut@alston.com

*Attorneys for Defendant Cellco Partnership d/b/a Verizon Wireless*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2021, I caused the forgoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Deron R. Dacus*
Deron R. Dacus
