IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FINESSE WIRELESS, LLC | § § § | |
| v. | § § | CASE NO. 2:21-CV-00063-JRG (Lead Case) |
| AT&T MOBILITY, LLC | § § § | |

| | | |
|---|---|---|
| FINESSE WIRELESS, LLC | § § § | |
| v. | § § § | CASE NO. 2:21-CV-00064-JRG (Member Case) |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS | § § § | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party, including any intervening party, shall disclose to every other party the following information:

    (a)  the correct names of the parties to the lawsuit;

    (b)  the name, address, and telephone number of any potential parties;

    (c)  the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d)    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f)    any settlement agreements relevant to the subject matter of this action; and

    (g)    any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    (a)    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

    (b)    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

  i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

  ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials

bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with the following limitations:

(a) *Definitions.*

    i. The term "Defendants" refers both to the named Defendants (AT&T Mobility, LLC and Cellco Partnership d/b/a Verizon Wireless) and to any interveners that join this case.

    ii. Each "Defendant" comprises the named defendant and related defendant corporate entities.

    iii. "Side" means a party or a group of parties with a common interest, i.e., Defendants and any parties who intervene on behalf of Defendants comprise one side and Plaintiff comprises the other side.

(b) *Interrogatories.* Plaintiff may serve up to twenty (20) common interrogatories on the Defendants, as well as ten (10) specific interrogatories on each Defendant. The Defendants collectively may serve up to twenty (20) common interrogatories on Plaintiff. In addition, each Defendant may serve up to ten (10) additional individual interrogatories on Plaintiff. An interrogatory seeking discovery regarding multiple patents counts as a single interrogatory.

(c) *Requests for Admission.*

    i. Plaintiff may serve up to twenty (20) requests for admission on each Defendant.

    ii. Defendants may serve up to ten (10) common requests for admission on Plaintiff. In addition, each Defendant may serve up to ten (10) individual requests for admission on Plaintiff.

    iii. Notwithstanding the limitations of 5(b)(i) and (ii), any party may serve an unlimited number of requests for admission that seek an admission as to (a) the authenticity of a particular document or thing, (b) the admissibility of a particular document or thing, and/or (c) whether a document qualifies as a printed publication under 35 U.S.C. § 102.

    iv. The parties are required to meet and confer in good faith prior to serving any requests for admission directed solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable. Prior to serving any request for admission regarding the admissibility of documents, each party agrees to request that the opposing party stipulate to the admissibility of such documents. If the opposing party fails to stipulate to the admissibility of all such documents within two weeks of such request for stipulation, the requesting party may serve on the opposing party requests for admission on all documents whose admissibility has not been stipulated.

(d)     *Fact Depositions Under Fed. R. Civ. P. 30(b)(1) and 30(b)(6).*

  i.  Plaintiff shall be permitted up to 50 hours of deposition testimony per Defendant, and 50 hours of deposition testimony per intervening party, including depositions under Rule 30(b)(1) and 30(b)(6).

  ii. Defendants shall be permitted up to 50 hours of deposition testimony of Plaintiff, including depositions under Rule 30(b)(1) and 30(b)(6).

  iii. The parties shall seek to limit each witness to one appearance by, for instance, not serving successive 30(b)(6) notices on similar topics.

  iv. In addition to the limits set forth above, each Side may take up to sixty (60) hours of third-party deposition testimony (not including inventors).  The parties may take unlimited depositions on written questions of custodians of business records for third parties.

  v.  Unless otherwise stipulated, noted, or ordered, a subpoena for documents or testimony served by one Defendant may be used in this case by all Defendants but only to the extent permitted by the terms of the Protective Order entered in this case.  Similarly, questions posed or objections lodged by one Defendant during a 30(b)(1), 30(b)(6), or third-party deposition shall be treated as having been posed or lodged by all Defendants, unless otherwise specified.

  vi. Unless otherwise agreed, ordered, or set forth in this order with respect to inventor, expert, and 30(b)(6) depositions, a witness will appear only once for a deposition of no more than seven (7) hours.  For example, absent agreement of the parties otherwise, to the extent a party seeks a Rule

        30(b)(1) deposition of a corporate designee for a Rule 30(b)(6) topic, the Rule 30(b)(1) deposition will take place on the same day as the Rule 30(b)(6) deposition and the total deposition time for that witness shall be no more than seven (7) hours. The Parties shall negotiate in good faith as to an appropriate hours limit per 30(b)(6) witness, depending on the number of topics the witness is addressing.

  vii. Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, or the addition or dismissal of any parties, in this case. These provisions, further, may be amended by agreement of the parties. The parties shall coordinate depositions to reduce redundancy and inconvenience to the parties.

(e) *Inventor Depositions.*

  i. Deposition time of any inventor of the asserted patents does not count against the hour limitation set forth above.

  ii. Defendants collectively may depose any inventor for fourteen (14) hours.

  iii. Plaintiff may depose any inventor for seven (7) hours.

  iv. Fact deposition testimony of inventors is exclusive of any time the inventor spends testifying as an expert witness.

(f) *Translated Depositions.*

  i. For any deposition that requires a translation between English and any foreign language for all or nearly all of the deposition, the time limits set forth above shall be increased by 50%. For purposes of clarity, if an entire deposition is translated, the taking party is entitled to ten and a half (10.5)

hours of deposition time, of which seven (7) hours shall count toward the deposition limits established in this Discovery Order and by the Federal Rules of Civil Procedure.  In no event, however, shall a witness be required to testify for more than seven (7) hours of actual deposition time in one day.

(g) *Expert Depositions.*

    i. Depositions of experts are not included in the hour limitations set forth above.

    ii. Each party may depose each expert that serves an opinion against that party for up to seven (7) hours per report.  For example, if a single expert provides two (2) separate reports on invalidity and non-infringement, the opposing party may depose that expert for a total of fourteen (14) hours (*i.e.*, seven (7) hours per report).

    iii. Defendants shall use their best efforts to coordinate the scheduling of their depositions (e.g., consecutive days) so that witnesses do not have to be deposed at different times by different Defendants.

(h) Any party may later move to modify these limitations for good cause.

6. **Privileged Information.**   There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order

compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written

statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

      (f)      Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.**  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.    **Proposed Stipulations by the Parties Regarding Discovery.**

      (a)      The parties agree to accept service of letters, discovery requests, and other documents (except in the case of documents required to be filed with the Court electronically, the service of which is governed by the Local Rules, or documents that are too voluminous for email) in PDF format via email.

      (b)      Notwithstanding paragraph 6 of this Order, the parties agree that privilege logs served pursuant to FRCP 26(b)(5)(A) are not required to include communications and documents exchanged between a party and its litigation counsel, or between litigation counsel, so long as any such communications pertain only to this lawsuit and were created after the contemplation of this lawsuit.

      (c)      Discovery of email and other forms of electronic correspondence (collectively "email"), if any, shall be governed by a separate ESI Order.  The parties will

       negotiate modifications to the Court's model E-Discovery Order for Patent Cases and will submit an agreed Proposed Order to the Court for approval.

    (d)    A party who receives a production in response to a third-party discovery request must serve a copy of that production on the other Side within five (5) days of receipt.

    (e)    The parties agree that communications with experts and draft expert reports are not discoverable.

**13.**    **Standing Orders.**  The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 14th day of June, 2021.**

                                           */s/ Rodney Gilstrap*
                                           RODNEY GILSTRAP
                                           UNITED STATES DISTRICT JUDGE